**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID TYLER MONTALDI,

      Petitioner,

v.                                  Case No. 12-12452

JEFFREY WOODS,

      Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY AND GRANTING THE
MOTION FOR IMMEDIATE CONSIDERATION
OF THE MOTION FOR A STAY**

**I. INTRODUCTION**

On July 9, 2015, Petitioner David Tyler Montaldi commenced this action through counsel by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Petitioner's Macomb County convictions for two counts of first-degree criminal sexual conduct, *see* Mich. Comp. Laws § 750.520b(1)(a) (vaginal and anal penetration of a person under the age of thirteen), and one count of first-degree child abuse, Mich. Comp. Laws § 750.136b(2). Petitioner states that he is serving a sentence of twenty-five to fifty years in prison for the criminal sexual conduct and a consecutive term of 86 to 180 months (seven years, two months to fifteen years) in prison for the child abuse.

In his habeas petition, Petitioner alleges that: (1) his criminal sexual conduct convictions must be vacated because there was insufficient evidence that he sexually penetrated the complainant; (2) the prosecution's expert witnesses improperly gave

medical opinions that the complainant was physically abused, and trial counsel was ineffective for failing to object; (3) defense counsel's failure to investigate and present a substantial defense deprived him of his right to effective assistance of counsel; and (4) the prosecutor made improper use of testimony, falsified testimony, and made improper comments to the jury during opening and closing statements.  Petitioner alleges that he raised these issues in the Michigan Court of Appeals, which affirmed his convictions, *see People v. Montaldi*, No. 312276, 2014 WL 265525 (Mich. Ct. App. Jan. 23, 2014), and in the Michigan Supreme Court, which denied leave to appeal on June 24, 2014, *see People v. Montaldi*, 847 N.W.2d 508 (Mich. 2014) (table).

Currently pending before the court are Petitioner's Motion for a Stay of these proceedings and his motion to expedite consideration of his motion for a stay. Petitioner seeks to have the court immediately hold his habeas petition in abeyance while he returns to state court and exhausts newly discovered issues regarding his sentence and his state appellate attorney.

## II.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "give the state courts an opportunity to act on [their] claims before [they] present[] those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State."  *Id.* at 845, 847.  Thus, to properly exhaust state remedies, a

2

prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner appears to have exhausted state remedies for his current claims, but he wants to raise additional claims that he has not yet presented in state courts.

Federal district courts "ordinarily have authority to grant stays," *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and, in appropriate cases, courts may hold a habeas petition in abeyance while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. *See id.* at 275. After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76.

This stay-and-abeyance procedure is appropriate in "limited circumstances," *id.* at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. In such circumstances, the district court should stay, rather than dismiss, the habeas petition because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

In the instant case, Petitioner's unexhausted claims are not plainly meritless, and he is not engaged in dilatory litigation tactics. Furthermore, his sentencing claim is based on a Michigan Supreme Court case that was decided *after* Petitioner filed his habeas petition. *See People v. Lockridge*, No. 149073, 2015 WL 4562293 (Mich. July

3

29, 2015).  Petitioner has an available state remedy to exhaust (a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules), and a dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.  Accordingly,

IT IS ORDERED that Petitioner's Motion for a Stay (Dkt. #6) and his Motion for Immediate Consideration (Dkt. #5) are GRANTED.

IT IS FURTHER ORDERED that, as a condition of this stay, Petitioner shall file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court and wishes to return to federal court, he should file an amended habeas corpus petition and a motion to re-open this case within **ninety (90) days** of exhausting state remedies for his new claims.  The motion and amended petition shall contain the same case number that appears on this order, and because amended pleadings generally supersede original pleadings, *Hayward v. Cleveland Clinic Foundation*,759 F.3d 601, 617 (6th Cir. 2014), the amended habeas petition must include all the claims that Petitioner wants the court to consider.  Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition.  *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for

administrative purposes.  Nothing in this order shall be construed as an adjudication of

Petitioner's claims.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 10, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 10, 2015, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522