**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

DAVID TYLER MONTALDI,

      Petitioner,

v.                                                                 Case No. 15-12452

DUNCAN MACLAREN,

      Respondent.
_____/

**OPINION ORDER DENYING PETITIONER'S MOTION FOR ORAL ARGUMENT**

In 2015, Petitioner David Tyler Montaldi filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The habeas petition challenged Petitioner's state convictions for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and one count of first-degree child abuse, Mich. Comp. Laws § 750.136b(2). Petitioner alleged that he was sentenced in 2012 to concurrent terms of 25 to 50 years for the criminal sexual conduct and to a consecutive prison term of 86 to 180 months for the child abuse. He raised four claims regarding (1) the sufficiency of the evidence supporting his convictions for criminal sexual conduct, (2) the medical opinions offered by the prosecution's expert witnesses and trial counsel's failure to object to the testimony, (3) trial counsel's alleged failure to investigate and present a substantial defense, and (4) the prosecutor's comments during opening statements and closing arguments. (ECF No. 1, PageID.3-4.)

About five weeks after Petitioner filed his habeas petition, he moved for a stay of the federal proceeding so that he could exhaust additional state remedies. (ECF No. 6.)

On September 10, 2015, the court granted Petitioner's motion for a stay and closed this case for administrative purposes. (ECF No. 8.)

In 2018, Petitioner filed a combined supplemental petition for the writ of habeas corpus and a motion to re-open this case. (ECF No. 12.) The supplemental petition raises claims about Petitioner's trial and appellate attorneys and his right to remain silent. The court granted Petitioner's motion to re-open this case (ECF No. 13), and on April 25, 2019, the State filed a responsive pleading. (ECF No. 17.)

On September 17, 2019, Petitioner filed a lengthy motion for summary judgment on some of his claims (ECF No. 23), and on November 13, 2019, he filed a motion for oral argument. (ECF No. 27.) He alleges that oral argument will benefit the court's decision-making process on a variety of critical factual, procedural, and legal issues. (ECF No. 27, PageID. 4239.) The assistant state attorney general representing Respondent Duncan MacLaren originally declined to concur with Petitioner's motion for oral argument but subsequently expressed a desire to hold argument in his response to Petitioner's motion in part, "to defend his reputation against the inflammatory rhetoric in petitioner's reply brief" and other "personal attacks." (ECF No. 28, PageID.4245-46.)

A court may order oral argument to assist it in resolving a state prisoner's habeas claims. *See Haskell v. Berghuis*, 695 F. Supp.2d 574, 584 (E.D. Mich. 2010). But a district court's decision not to hear oral argument is a proper exercise of discretion when the movant filed a brief "and makes no claim that his contentions were not fully set forth therein." *United States ex rel. Darrah v. Brierley*, 415 F.2d 9, 12 (3d Cir. 1969).

Petitioner is represented by counsel who filed an initial petition (ECF No. 1), a 41-page supplemental petition (ECF No. 12), and an 80-page motion for summary

judgment with attachments. (ECF No. 23.) Respondent filed a 117-page response to the petition (ECF No. 17) and a 28-page answer to Petitioner's motion for summary judgment. (ECF No. 24-1.) Petitioner then filed a 60-page reply to Respondent's answer to the summary judgment motion. (ECF No. 26.)

The court concludes that oral argument is not necessary because the parties have explained the procedural history of this case and exhaustively set forth their respective positions on the issues in their pleadings. Also, to the extent that the court encounters "personal attacks" and "inflammatory rhetoric," the court is capable of recognizing the same and either ignoring it or otherwise dealing with inappropriate conduct by counsel. The case can be decided on the briefs. Accordingly,

IT IS ORDERED that Petitioner's motion for oral argument (ECF No. 27) is DENIED. The court will resolve the issues in future orders without further notice.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\15-12452.MONTALDI.denying.oral.arg.BH.HEK.RHC.docx