UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID TYLER MONTALDI,

      Petitioner,

v.                                                               Case No. 15-cv-12452

DUNCAN MACLAREN,

      Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RELEASE ON BOND

### I. INTRODUCTION

Pending before the court are two motions filed by Petitioner David Tyler Montaldi, a motion for summary judgment and motion for release on bond. For the reasons explained below, the court will deny both motions.

### II. BACKGROUND

In 2015, Petitioner David Tyler Montaldi filed a petition for the writ of habeas corpus. (ECF No. 1.) In the petition, he challenges his state convictions for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and one count of first-degree child abuse, Mich. Comp. Laws § 750.136b(2). Petitioner raises four claims in his petition: (1) there was insufficient evidence that he sexually penetrated the complainant; (2) expert witnesses improperly stated their medical opinions that the complainant had been physically abused, and trial counsel was constitutionally ineffective for failing to object; (3) trial counsel rendered ineffective legal assistance by failing to investigate and present a substantial defense; and (4) the prosecutor relied on

false testimony and made improper comments to the jury during opening statements and closing arguments. (ECF No. 1, PageID.3-4.)

About five weeks after Petitioner filed his habeas petition, he moved for a stay of the federal proceeding so that he could exhaust additional state remedies. (ECF No. 6.) On September 10, 2015, the court granted Petitioner's motion for a stay and closed this case for administrative purposes. (ECF No. 8.)

In 2018, Petitioner filed a combined supplemental petition for the writ of habeas corpus and a motion to re-open this case. (ECF No. 12.) He presents the following arguments in his supplemental petition: (1) the ineffective-assistance-of-counsel claims which he raised on state collateral review are new claims that have never been adjudicated on their merits and, therefore, warrant *de novo* review; (2) trial counsel's failure to interview any prosecution witnesses before trial constructively deprived him of his Sixth Amendment right to counsel; (3) trial counsel failed to adequately consult expert witnesses; (4) trial counsel failed to object to, or challenge, the admission of a voice recording that contradicted Petitioner's initial explanation for the incident with the complainant; (5) the prosecutor violated Petitioner's Fifth Amendment right to remain silent by stating to the jury that Petitioner was protecting himself in the courtroom and that Petitioner refused to inform anyone besides his father what happened to the complainant; and (6) his appellate attorney was ineffective for failing to raise these issues on direct appeal.

The court granted Petitioner's motion to re-open this case (ECF No. 13), and on April 25, 2019, the State filed a responsive pleading. (ECF No. 17). Now before the

court are Petitioner's motion for summary judgment (ECF No. 23) and his motion for release on bond. (ECF No. 30).

### III. DISCUSSION

#### A. Motion for Summary Judgment

Petitioner seeks summary judgment on his claims that trial counsel failed to (i) interview prosecution witnesses, (ii) adequately investigate a trial strategy, and (iii) object to the admission of an audio recording. Petitioner also seeks summary judgment on his claim that the prosecutor invited the jury to infer Petitioner's guilt by stating that Petitioner was protecting himself in the courtroom.

A motion for summary judgment "presumes the absence of a genuine issue of material fact." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). The court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment standard applies to habeas proceedings:

> The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Once that occurs, the party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).

*Alexander,* 576 F.3d at 558.

Here, there are several factual disputes which preclude summary judgment. For example, factual disputes exist regarding whether Petitioner exhausted state remedies for all his claims or procedurally defaulted some claims. There are also factual disputes on Petitioner's substantive grounds for relief, such as the extent and adequacy of trial counsel's investigation, preparation for trial, and cross-examination of witnesses during the trial. Additionally, other factual disputes include whether Petitioner told his trial attorney not to investigate a "dog-did-it" defense, whether the audio recording was authenticated, and whether trial counsel's reasons for not objecting to the admission of the audio recording was part of his trial strategy. Still another disputed fact is whether the prosecutor's comment that Petitioner was protecting himself in the courtroom was a reference to Petitioner's failure to testify and whether the remark was deliberate or merely a casual, offhand comment to the jury.

In his reply brief, Petitioner acknowledges that his version of the facts differs from that of the State. (ECF No. 26, PageID.4141-4143.) Summary judgment is not appropriate in light of these factual disputes. Nor is summary judgment appropriate because Petitioner fails to show that the evidence is so one-sided that he must prevail as a matter of law. The court will deny Petitioner's motion.

### B. Motion for Release on Bond

In his motion for release on bond, Petitioner alleges that his petition contains substantial constitutional claims and that he has a significant chance of succeeding on the merits of his claims. He also contends that his petition has been pending for a substantial amount of time and that the petition is likely to remain unresolved for an additional substantial amount of time.

While it is true that "28 U.S.C. § 2243 imposes a specific duty on the court to summarily hear and dispose of habeas corpus petitions," *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970), Petitioner has been tried, convicted, and sentenced in state court. He now attacks his convictions in a collateral proceeding and, as such, "a greater showing of special reasons for admission to bail pending review [is] required." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). To justify release on bond under these circumstances, Petitioner must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (alteration in original) (quoting *Aronson*, 85 S. Ct. 3). This is a high bar that few petitioners can meet. *Id.*; *see also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Here, even though Petitioner may have alleged substantial claims in his habeas petition, he "has not demonstrated any unusual circumstances warranting the relief requested." *Greenup v. Snyder*, 57 F. App'x 620, 622 (6th Cir. 2003). Accordingly, the court will deny his motion for bond.

## IV.  CONCLUSION

For the reasons given above, Petitioner has failed to demonstrate that he is entitled to relief on either motion. Accordingly,

IT IS ORDERED that Petitioner's motion for summary judgment (ECF No. 23) and motion for release on bond (ECF No. 30) are DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2020

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 20, 2020, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\15-12452.MONTALDI.msj.bond.BH.HEK.docx